IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES LEE TROUTMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT OVERMYER, et al. | : | NO. 2:14-cv-1592 |
| | : | |

ORDER

AND NOW, this 21st day of April, 2015, upon independent review of Petitioner James Lee Troutman's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) and upon consideration of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (Doc. No. 24) and Petitioner's objections thereto (Doc. No. 26), it is hereby ORDERED as follows:

1. Petitioner's objections to the Report and Recommendation are OVERRULED.

    When reviewing a Report and Recommendation ("R&R") to which a party has objected, a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Petitioner does not expressly identify the portions of the R&R to which he objects. (See Pet'r's Objs. to R&R 1, Doc. No. 26.)[1] It is apparent, however, that his objections primarily concern the recommendation to dismiss as procedurally defaulted Petitioner's sixth claim for federal habeas corpus relief: that he "was denied effective assistance of counsel when counsel instructed, advised, and persuaded [him] to plead guilty instead of pursuing an insanity defense[.]" (Habeas Pet. 17, Doc. No. 1; see Pet'r's Objs. to R&R 1.) Petitioner contends in his objections that "a full assessment as to whether plea counsel provided ineffective assistance by persuading petitioner to plead guilty rather than pursuing an insanity defense was not conducted before [Judge Rueter] concluded petitioner would not have proceeded to trial, but rather chose to plead guilty." (Pet'r's Objs. to R&R 1.) Accordingly, we consider de novo Petitioner's sixth claim for relief and Petitioner's objection to the recommended dismissal of this claim.

    The R&R appropriately determined that Petitioner's sixth potential ground for relief is procedurally defaulted and therefore did not err in declining to fully consider the merits of this claim. (See R&R 14–16, Doc. No. 24.) When Petitioner timely filed a petition under the Post Conviction Relief Act ("PCRA") on September 21, 2012, he did not

---

[1] The page numbers throughout this Order in citations to documents on the record reflect the pagination assigned by the Electronic Case Filing ("ECF") system.

include this particular ineffective assistance of counsel claim as one of his asserted grounds for relief. (Pet. Post Conviction Collateral Relief, Doc. No. 8-64.) After the Court of Common Pleas of Montgomery County issued a notice of intent to dismiss (Dec. 6, 2012 Order, Ct. Com. Pls., Doc. No. 8-68), Petitioner filed a motion for leave to amend the petition (Mot. Leave Amend PCRA Pet., Doc. No. 8-71). He then filed a putative amended PCRA petition without leave to do so. (Am. Mot. Post Conviction Collateral Relief, Doc. No. 8-72.) Through this amended petition, Petitioner sought relief on many grounds, including ineffective assistance of counsel for instructing him to plead guilty rather than pursue an insanity defense. (Id. at 13.) The Court of Common Pleas denied Petitioner's motion for leave to file an amended petition and dismissed both the proper PCRA petition and the improper amended petition. (Jan. 23, 2013 Order, Ct. Com. Pls., Doc. No. 8-73; Jan. 24, 2013 Order, Ct. Com. Pls., Doc. No. 8-75.) Petitioner appealed, and the Pennsylvania Superior Court affirmed the dismissal of both petitions. (Commonwealth of Pennsylvania v. Troutman, Nos. 827 EDA 2013, 958 EDA 2013 (Pa. Super. Feb. 25, 2014), Doc. No. 8-98.)

Pennsylvania procedural rules preclude a PCRA petitioner from raising in a subsequent petition or on appeal any ground for relief not stated in his PCRA petition. See Pa. R. Crim. P. 902(B); Pa. R. App. P. 302(a). Consequently, as for the claims that Petitioner had sought to include in his amended petition but had omitted from his proper petition— including the ineffective assistance claim currently before us—the Pennsylvania Superior Court recognized that "these issues were waived." (Troutman, Nos. 827 EDA 2013, 958 EDA 2013 11 (Pa. Super. Feb. 25, 2014).) "When a state law bars a petitioner from seeking further review of his claims in state court," as is the case here, "the claims are procedurally defaulted." Crocker v. Klem, 450 F. App'x 136, 138 (3d Cir. 2011); see Thomas v. Sec'y, Pennsylvania Dep't of Corr., 495 F. App'x 200, 205–06 (3d Cir. 2012) (citing Pa. R. Crim. P. 902(B); Pa. R. App. P. 302(a)). As such, the R&R properly concluded that Petitioner's ineffective assistance of counsel claim, the sixth claim in his instant habeas petition, is procedurally defaulted. (See R&R 15 (citing Thomas, 495 F. App'x at 205–06; Crocker, 450 F. App'x at 138).)

The R&R also correctly recognized that we cannot consider this sixth claim on the merits unless Petitioner has demonstrated cause and prejudice sufficient to excuse the procedural default or that he is actually innocent such that failure to consider the federal claim will result in a fundamental miscarriage of justice. (See id. (citing Martinez v. Ryan, 132 S. Ct. 1309 (2012); Murray v. Carrier, 477 U.S. 478, 479 (1986)).) We agree with the R&R that Petitioner has made no showing of cause and prejudice to excuse the procedural default. (See id.) Further, although Petitioner claims in his objections to the R&R that he is actually innocent of the crimes to which he pled guilty (Pet'r's Objs. to R&R 2–3), his profession of innocence is insufficient to circumvent the procedural bar. While the Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" notwithstanding a procedural bar, the Court has also cautioned that "tenable actual-innocence gateway pleas are rare." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

2

evidence . . . ." Schlup v. Delo, 513 U.S. 298, 324 (1995). "To establish actual innocence, [a] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup, 513 U.S. at 327–28) (internal quotation marks omitted); see Thomas, 495 F. App'x at 207.

Petitioner presents no new, reliable evidence of actual innocence, and he fails to satisfy the "demanding" standard for a miscarriage-of-justice exception to the procedural bar. See House v. Bell, 547 U.S. 518, 538 (2006). Petitioner states that he has a brain disease that impaired his ability to form the requisite mental state for the crimes charged and that his condition would have been sufficient "to make his state of mind a question for the jury."[2] (Pet'r's Objs. to R&R 2.) There is no indication, however, that the existence of Petitioner's alleged mental deficiency is new information; indeed, Petitioner cites only the Negotiated Guilty Plea and other court documents in the state court record to support his assertion. (See id.) Moreover, Petitioner provides no reliable evidence—such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," Schlup, 513 U.S. at 324—to demonstrate his claim's credibility. In light of all the evidence, Petitioner has failed to establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, and Petitioner has thus failed to prove actual innocence warranting a gateway for his defaulted claim. Cf. Hubbard v. Pinchak, 378 F.3d 333, 341 (3d Cir. 2004) ("To allow [petitioner's] own testimony that he proffers (supported by no new evidence) to open the gateway to federal review of claims that have been procedurally defaulted under state law would set the bar for 'actual innocence' claimants so low that virtually every such claimant would pass through it."). Accordingly, the state procedural default bars our review of Petitioner's ineffective assistance claim regarding counsel's alleged instruction to plead guilty rather than pursue an insanity defense. We overrule Petitioner's objection with respect to this ground for relief.

It appears that Petitioner's objections may also concern the recommended rejection on the merits of Petitioner's seventh and ninth claims for habeas relief, as these claims are substantively quite similar to his sixth claim. (See Pet'r's Objs. to R&R 2–3; Habeas Pet. 17.) In his seventh claim, Petitioner argues that his "guilty pleas were involuntarily entered due to his mental illness, and he is actually innocent of the charges that he pled guilty to[.]" (Habeas Pet. 17.) In his ninth claim, Petitioner contends that his "guilty pleas were involuntarily entered as a result of ineffective assistance of counsel[.]" (Id.) Petitioner asserts in his objections to the R&R both that he is actually innocent and that "the state court decision on PCRA review was an unreasonable application of the Strickland ineffective standard." (Pet'r's Objs. to R&R 3.) As we must liberally construe a *pro se* litigant's pleadings, Erickson v. Pardus, 551 U.S. 89, 94 (2007); Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010), we treat these assertions as objections to the recommended dismissal of Petitioner's seventh and ninth claims. We therefore consider

---

[2] Petitioner acknowledges in his objections that he "is responsible for the victim's death in the sense that he was the causative agent that inflicted the mortal wounds." (Pet'r's Objs. to R&R 2–3.) He nevertheless argues that he is innocent because "[s]hould petitioner's contention that he could not deliberate prove true, he would have been incapable of satisfying an essential element of the crime for which he was convicted." (Id. at 2.)

de novo these two claims for habeas relief and Petitioner's objections to their potential dismissal.

We conclude that the R&R correctly recommended dismissing both of these claims. (See R&R 16–24.) The PCRA court rejected these claims on their merits, and the Pennsylvania Superior Court affirmed their dismissal. (See Commonwealth of Pennsylvania v. Troutman, CP-46-CR-3674-2011 16–20 (Ct. Com. Pls. Apr. 5, 2013), Doc. No. 8-96; Troutman, Nos. 827 EDA 2013, 958 EDA 2013 (Pa. Super. Feb. 25, 2014).) Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court cannot grant habeas relief based on a claim that a state court adjudicated on the merits unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Based on our independent review of the state court record, we agree with the R&R that the state court's dismissal of these claims was not contrary to, and did not involve an unreasonable application of, clearly established federal law—nor was the decision based on an unreasonable determination of the facts. (See R&R 21.) As such, we overrule Petitioner's objections to the R&R regarding his seventh and ninth claims for relief.

2. For the foregoing reasons, the Report and Recommendation (Doc. No. 24) is APPROVED and ADOPTED.

3. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without an evidentiary hearing.

4. No certificate of appealability shall issue.

5. The Clerk of Court shall mark this matter CLOSED for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.